**LONG ISLAND TRUCKING, INC., and Supersonic Transport, LLC d/b/a Super Transport, Plaintiff,**

v.

**BROOKS PHARMACY, Defendant,**

Transportation Factoring, Inc., Intervenor–Plaintiff.

No. CV–02–2302(ADS)(MLO).

United States District Court, E.D. New York.

Dec. 9, 2003.

Piken & Piken, New York City, by: Robert W. Piken, of Counsel, for Plaintiffs.

Russo & Burke, New York City, by: Joseph M. Burke, of Counsel, for Defendant.

Silverman, Perlstein & Acampora, LLP, Jericho, N.Y., by: Robert J. Ansell, of Counsel, for Intervenor–Plaintiff.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On April 10, 2002, Long Island Trucking, Inc. and Supersonic Transport, LLC d/b/a Super Transport ("L.I. Trucking" or the "plaintiff") commenced this action against Brooks Pharmacy ("Brooks" or the "defendant") alleging that the defendant is liable to the plaintiff for services rendered in the

amount of $666,735.10 in invoices, plus interest and costs. Presently before the Court is a motion by Transportation Factoring, Inc. ("Transfac" or the "intervenor") to intervene in this case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), or in the alternative, to be granted permissive intervention pursuant to Rule 24(b)(2). Brooks does not oppose Transfac's motion to intervene provided that Brooks' ability to conduct and complete discovery is not jeopardized. In particular, Brooks requests that if Transfac's motion is granted, the Court should extend the discovery cut-off date so that it can obtain discovery with respect to Transfac.

## I. BACKGROUND

L.I. Trucking is engaged in the business of moving freight. Sometime prior to April 10, 2002, Brooks retained the services of L.I. Trucking for the purposes of moving freight. The complaint alleges that the L.I. Trucking moved the freight from steamship lines to a location specified by the defendant. L.I. Trucking further alleges that Brooks failed to pick up the freight after being notified of the delivery thereby causing L.I. Trucking to place the freight in storage. L.I. Trucking alleges that due to the defendant's failure to pick up its freight, the defendant is liable to the plaintiffs for not only the cost of transporting and storing the freight, but also for the "detention expense," "drop charge fee," "fuel sure charge," pallets/skids that were removed and not replaced, and "bridge checkpoint sure charge." In sum, the plaintiff alleges that the defendant is liable for unpaid invoices for services rendered in the amount of $666,735.10, plus interest and costs.

On or about March 7, 2000 and October 2000, the plaintiff entered into two factoring agreements (collectively, the "Factoring Agreements") with Transfac for the purpose of having its accounts receivable factored by Transfac. By the terms of the Factoring Agreements, Transfac would purchase bills and invoices from the plaintiff. In return, the plaintiff granted to Transfac a security interest in, among other things, all accounts, bills, general intangibles and most, if not all, of its assets.

On or about May 5, 2003, Transfac sued the plaintiff in the United States District Court, District of Oregon to recover in excess of $5.2 million for a breach of the Factoring Agreements. *See* Transfac's Mem. In Sup. of Mot. For Intervention at 3; *see also* Ansell Aff. Ex. 2. According to Transfac's Memorandum in Support of its Motion for Intervention, the plaintiff is in default to Transfac in the amount of $5.2 million. *See* Transfac's Mem. in Sup. of Mot. for Intervention at 4.

Transfac contends that as either the "outright owner" or the "holder of a security interest" of all of the plaintiff's claims against the defendant, it should be permitted to intervene in this case pursuant to Rule 24(a)(2), or in the alternative, to be granted permissive intervention to Rule 24(b)(2). Brooks does not oppose Transfac's motion to intervene provided that Brooks' ability to conduct and complete discovery is not jeopardized. In particular, Brooks requests that if Transfac's motion is granted, the Court should extend the discovery cut-off date so that it can obtain discovery with respect to the intervention of Transfac.

## II. DISCUSSION

Transfac seeks to intervene as of right, or in the alternative, to intervene permissively under Rule 24. Rule 24(a)(2) provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In order to intervene as of right under Rule 24(a)(2), an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise protected. *United States v. State of New York,*

820 F.2d 554, 556 (2d Cir.1987); *see also Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128–129 (2d Cir.2001). Failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See United States v. State of New York*, 820 F.2d at 556. The test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria. *See Tachiona v. Mugabe*, 186 F.Supp.2d 383, 394 (S.D.N.Y.2002). However, failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir.2001).

As set forth below, all four factors favor intervention by Transfac in this action.

**1. Timeliness**

■ Among the factors to be taken into account to determine whether a motion to intervene is timely are:

(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness.

*See Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 76 (S.D.N.Y.2003).

■ In examining the interval between the applicant's knowledge and its motion to intervene, Transfac states that it "acted promptly after it became aware if it[s] right and need to intervene." Transfac's Mem. in Supp. of its Mot. for Intervention at 4. Although Transfac does not indicate a specific date when it "became aware" of its need to intervene, Transfac claims that it has an interest in this action as a result of the default judgment obtained in its suit in the United States District Court, District of Oregon and the Factoring Agreements. Although Transfac does not indicate the date it obtained the default judgment, the Court notes that the motion to intervene was filed on June 27, 2003 which is less than two months after Transfac filed its action in the Oregon District Court. Although Transfac's motion was filed more than one year after this action was commenced, the effect that the length of time the litigation or proceeding has been pending is to be determined on a case by case basis. *See United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 595 (2d Cir.1986). Therefore, the Court's determination will be based on all of the circumstances of this case. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *see also In re Bank of New York Derivative Litigation*, 320 F.3d 291, 300 (2d Cir.2003).

The second and most important consideration in determining whether a motion to intervene is timely is whether there is any prejudice to the existing parties resulting from the delay. *United States v. International Business Machines Corp.*, 62 F.R.D. 530, 541–542 (S.D.N.Y.1974). Here, it is significant that Brooks does not oppose Transfac's intervention so long as its ability to conduct and complete discovery is not limited.

Although United States Magistrate Judge Orenstein ordered that discovery in this case was to be completed by August 1, 2003 and that there would not be any further extensions, Order dated 4/11/03, the Court notes that the parties' status conference has been adjourned by Judge Orenstein pending the Court's determination of this motion. *See* Order dated 9/25/03. Furthermore, in a letter dated August 18, 2003, Robert W. Piken, Esq., counsel for L.I. Trucking, advised the Court that because his client "has sold the claim . . . and will not be participating in this litigation and further" L.I. Trucking "will not be appearing as [it] has no further interest in this matter." Letter from Piken to Court dated Aug. 18, 2003. The Court finds that there will be no prejudice to the defendant to allow Transfac to intervene.

Moreover, Transfac will suffer prejudice if it is not permitted to intervene. Because L.I. Trucking sold and granted a security interest to Transfac for, among other things, all of its rights in connection with its bills and is in default to Transfac for $5.2 million, L.I. Trucking has minimal, if any, interest in pursuing any recovery in connection with this matter. The 1966 Amendment to Rule 24(a) was intended to permit intervention where

"an absentee would be substantially affected in a practical sense by the determination made in an action ..." *Commack Self–Service Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 100 (E.D.N.Y.1996) (quoting Advisory Committee Notes, 1966 Amendment, Federal Civil Judicial Procedure and Rules, at 104). Furthermore, there are no unusual circumstances present in this case.

Accordingly, Transfac's application to intervene is timely.

**2. Other Rule 24(a)(2) Requirements**

As stated above, the intervener must have an interest in the action, not otherwise protected, that will be impaired from an unfavorable disposition. In other words, this interest must be "direct, substantial, and legally protectable." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir.2001).

Here, it is undisputed that Transfac has a direct interest in this action. Transfac claims to be the proper owner and/or secured creditor of the bills and invoices which are the subject matter of this action. *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d at 130 (stating that Rule 24(a)(2) requires "an interest relating to the property or transaction which is the subject of the action."). In particular, both L.I. Trucking and Transfac present claims that, among other things, are based upon the failure of Brooks to pay the bills and invoices that were submitted by L.I. Trucking.

Furthermore, Transfacs' ability to protect its interests will be impeded if it is denied intervention. Not only did L.I. Trucking sell the right to collect on its bills and invoices to Transfac, but according to attorney Piken, L.I. Trucking "will not be participating in this litigation" as it "has no further interest in this matter." Letter from Piken to Court dated Aug. 18, 2003. Moreover when "a proposed intervenor's interests are otherwise unrepresented in an action, the standard for intervention is no more burdensome than the standing requirement." *Brennan*, 260 F.3d at 131. Thus, Transfac's standing in this action is identical to that of L.I. Trucking, *see id.*, and Transfac's motion to intervene in this case is, therefore, granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Transfac's application to intervene in this case pursuant to Rule 24(a)(2) is **GRANTED;** and it is further

**ORDERED**, that Transfac is directed to file and serve its Intervenor's Complaint within 20 days of the date of this Order; and it is further

**ORDERED**, that the parties are directed to appear before Judge Orenstein forthwith for a status conference and to set an expedited discovery schedule with respect to those matters which specifically involve the intervention of Transfac.

**SO ORDERED.**